UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JEFFREY J. O'NEAL, )
 )
    Plaintiff, )
 )
v. ) No. 1:19-CV-160 SNLJ
 )
MISSOURI DEPT. OF CORR., et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jeffrey J. O'Neal, a former inmate of the Missouri Department of Corrections, for leave to commence this civil action without prepayment of the required filing fee.[1] As plaintiff has been released from custody his request to proceed in forma pauperis will be granted, and he will not be assessed an initial partial filing fee. Furthermore, after reviewing the complaint and the supplemental complaints, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff seeks leave to proceed in forma pauperis within the body of his complaint.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a former prisoner in the Missouri Department of Corrections, filed the instant action pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights. He names two defendants in this action: the Missouri Department of Corrections and William Johnson, a doctor employed by Corizon Health Services, Inc., and working out of Southeast Correctional Center (SECC).

Plaintiff asserts that prior to his incarceration, he was disabled when a forklift fell crushing his right wrist and hand. He claims that he had been "disabled" and on SSI prior to being incarcerated in the Missouri Department of Corrections.

Plaintiff asserts that Dr. Williams refused to submit his SSI documentation ninety (90) days prior to his release from the Missouri Department of Corrections, despite him being a suicide risk during his incarceration and on SSI prior to his incarceration. Plaintiff asserts that he suffers from a variety of mental health disorders, and Dr. Williams has violated his due process rights by failing to fill out his SSI paperwork in a timely fashion.

Plaintiff seeks monetary and punitive damages against defendants.

## Discussion

This action is subject to dismissal. Plaintiff has failed to allege the capacity under which he is suing Dr. Williams, whether individual or official. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official, in this case, Corizon Medical Services, Inc. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged

violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to Dr. Williams.[2]

Additionally, plaintiff's claim against the Missouri Department of Corrections is also subject to dismissal. Neither a State nor its officials acting in their official capacity are 'persons' under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley,* 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment[3] bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 744 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**. No filing fee is required as plaintiff has been released from custody.

**IT IS FURTHER ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2]Although plaintiff asserts that Dr. Williams was obligated to submit his application to SSI within 90 days of his release under 42 U.S.C. § 1383(c), the Court has found no such obligation under the statute. Moreover, there is no private cause of action for failing to file such an application on behalf of plaintiff. SSI benefits are available to plaintiff within two months post incarceration according to the Social Security Administration, but plaintiff, himself, must apply. *See* https://www.ssa.gov/reentry/benefits Social Security Benefits After Incarceration.

[3]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

4

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of May, 2020

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE